Per Curiam.

The validity of a state wide temporary “freeze” order of the commission prohibiting any distributing utility from furnishing additional service for space heating has been upheld by this court in the case of City of Akron v. Public Utilities Commission, 149 Ohio St., 347, 78 N. E. (2d), 890. The record before the court in the instant cases clearly justifies the finding of the commission “that the number of additional consumers which the natural gas companies of Ohio can, within the limits of their respective and presently available gas supplies, add to their lines varies as between companies,” and supports its order denying to the appellant company authority to increase the number of its space heating consumers and granting to other distributing utilities *577 authority to approve applications for additional space heating service. The order is not unlawfully discriminatory.
The enforcement provisions of the order in question are not a delegation of legislative power to the distributing utilities, and the rules above referred to are within the rule-making power of the commission. The distributing utilities are not authorized to make any rules or regulations concerning the addition of space heating customers to their gas' lines but are required to perform purely ministerial duties. The rule of the commission requiring the distributing utility to determine whether a customer has connected gas-fired space heating equipment which is not eligible for service, to direct the consumer to disconnect such equipment if he has made such a connection, and to discontinue the supply of gas to the consumer if he fails to comply with such direction does not require the exercise of a judicial or quasi-judicial function. The answer to the question is peculiarly within the knowledge of the utility, and if it is in the affirmative a ministerial duty is imposed on the utility to discontinue the supply of gas to such customer.
The order of the commission is affirmed.

Order affirmed.

Weygandt, O. J., Zimmerman, Middleton, Matthias and Hart, JJ., concur.
Stewart, J., not participating.